# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NEWSOM, | CASE NO. 1:11-CV-00403-DLB PC |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND (DOC. 1) |
| JOHN CHOKATOS, et al., | |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Background**

Plaintiff Raymond Newsom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 9, 2011. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Complaint

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP") where the alleged events at issue in this action occurred. Plaintiff names as Defendants: James A. Yates, warden of PVSP; Igbinosa, Chief Medical Officer of PVSP; John Chokatos, medical doctor at PVSP; Junior Fortune, physician assistant at PVSP; and O. Deville, registered nurse at KVSP.

Plaintiff alleges the following: Plaintiff injured his middle left finger on a prison cell door. He submitted a medical request form on March 18, 2010. On March 19, 2010, Plaintiff was seen by Nurse Deville in the medical clinic. Physician Assistant Fortune ordered an x-ray. Neither Nurse Deville nor Physician Assistant Fortune provided a splint or pain medication. Nurse Deville attempted to issue Motrin or Naproxen. Plaintiff cannot take Motrin because of his chronic hepatitis C and he has adverse side effects when taking Naproxen.

On March 26, 2010, an x-ray was taken of Plaintiff's finger. The x-ray was reviewed by a radiologist on March 30, 2010, and noted swelling in the soft tissue of Plaintiff's middle finger and an avulsion fracture. On April 14, 2010, and April 27, 2010, Plaintiff was seen by Dr. John Chokatos, who did not stabilize his finger or provide something for pain.

Plaintiff alleges a violation of the Eighth Amendment. Plaintiff requests as relief monetary damages.

## III.   Analysis

### A.   Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 1. Defendants Yates and Igbinosa

As to Defendants Yates and Igbinosa, Plaintiff is alleging liability based on a theory of supervisory liability.  Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation

3

1 of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated
2 or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional
3 rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642,
4 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
5 1989). Plaintiff alleges no facts that demonstrate Defendants Yates or Igbinosa personally
6 deprived Plaintiff of his constitutional rights, knew of constitutional violations and failed to act,
7 or promulgated a policy that violated Plaintiff's constitutional rights.

### 2.     Defendants Chokatos, Fortune and Deville

As to Defendants Chokatos, Fortune and Deville, Plaintiff appears to complain that they did not provide him with the form of medical care he expected, i.e., a splint and certain pain medications. It appears that Plaintiff's complaints amount at most to a difference of opinion between a medical provider and patient, which fails to state a claim for deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058.

### IV.   Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 26, 2011**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE