# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NEWSOM, | CASE NO. 1:11-CV-00403-DLB PC |
| Plaintiff, | ORDER DISREGARDING MOTION TO ELECTRONICALLY FILE AMENDED COMPLAINT (DOC. 7) |
| v. | |
| JOHN CHOKATOS, et al., | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS (DOC. 8) |
| Defendants. | |

**I.   Background**

Plaintiff Raymond Newsom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 9, 2011. On September 28, 2011, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. Doc. 6. On November 1, 2011, Plaintiff filed his first amended complaint. Doc. 8.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] Plaintiff also filed a motion that the Court electronically file Plaintiff's complaint. Doc. 7. Plaintiff's motion is disregarded. This Court uses the Electronic Case Filing system. Thus, all filings accepted by the Court are typically scanned electronically.

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of First Amended Complaint

Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: medical doctor John Chokatos; F. Igbinosa, chief medical officer; O. Deville, registered nurse; Junior Fortune, physician assistant; and James A. Yates, warden.

Plaintiff alleges the following. On March 18, 2010, Plaintiff submitted a Health Care Services Request Form (CDC 7362) to the C Facility medical clinic. Pl.'s Am. Compl. 7.[2] Plaintiff had injured the middle finger of his left hand on a cell door. *Id.* On March 20, 2010, Plaintiff was seen by Defendant registered nurse O. Deville in the C facility. *Id.* Defendant Deville observed Plaintiff's swelling and discoloration and aware of Plaintiff's complaint of intense pain. *Id.* Defendant Deville wanted to prescribe tylenol or naproxen for Plaintiff's pain. *Id.* Plaintiff refused the medication, as it is clearly documented in Plaintiff's medical file that the side effects are detrimental. *Id.* Plaintiff was not provided alternative pain medication. I*d.*

Defendant Deville brought this injury to the attention of Defendant Junior Fortune. *Id.* at

---

[2] Page numbering is from the Court's docket.

8. Defendant Fortune did not physically examine Plaintiff to determine whether other means of treatment, such as a splint, were available. *Id.* Defendant Fortune ordered x-rays for Plaintiff's injury to be taken. *Id.*

On March 26, 2010, an x-ray was performed. *Id.* On March 30, 2010, radiologist Carter Thomas reviewed the injury and found an avulsion fracture. *Id.* Plaintiff was scheduled to see Defendant doctor John Chokatos on April 14, 2010. *Id.* Defendant Chokatos noted the diagnosis by doctor Thomas. Id. Defendant Chokatos provided no treatment. *Id.* at 9. Plaintiff uses a walker, and experienced extreme pain and discomfort when using it. Plaintiff was again seen by Defendant Chokatos on a follow-up visit on April 27, 2011, and again did not provide Plaintiff any treatment. *Id.* Plaintiff's finger healed improperly and there is abnormal swelling and restricted range of motion in his finger today. *Id.* Plaintiff contends that Defendants Yates and Igbinosa implemented a policy that violated Plaintiff's constitutional rights. *Id.* at 11.

Plaintiff requests injunctive relief in the form of proper medical treatment at PVSP, and compensatory and punitive damages.[3]

**III.    Analysis**

**A.    Eighth Amendment - Deliberate Indifference To A Serious Medical Need**

Plaintiff contends that Defendants violated the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)); *see Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard involves an objective and

---

[3] Plaintiff's request for injunctive relief is denied. Plaintiff is no longer incarcerated at PVSP. Thus, Plaintiff's injunctive relief is moot. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk."  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against Defendant Deville for deliberate indifference. Based on the allegations, Defendant Deville did prescribe pain medication, which Plaintiff refused.  Plaintiff alleges that Defendant Deville should have prescribed alternative pain medication.  However, there are no facts which demonstrate that Defendant Deville was aware that Plaintiff was not able to take tylenol or naproxen for his pain.  Plaintiff's allegations are insufficient to demonstrate deliberate indifference by Defendant Deville.

Plaintiff fails to state a claim against Defendant Fortune.  Plaintiff alleges that Defendant Fortune failed to examine Plaintiff and provide treatment.  However, Plaintiff alleges that he had been examined by Defendant Deville prior to seeing Defendant Fortune that same day. Defendant Fortune scheduled Plaintiff for a x-ray.  Plaintiff has not alleged sufficient facts to demonstrate that Defendant Fortune knew of and disregarded a substantial risk of serious harm to Plaintiff's health.  Plaintiff's claim against Defendant Fortune amounts at most to negligence, which is not sufficient to state a § 1983 claim.  *Jett*, 439 F.3d at 1096.

Plaintiff states a deliberate indifference claim against Defendant Chokatos.  Plaintiff alleges facts which demonstrate that Defendant Chokatos was aware of a substantial risk of serious harm to Plaintiff's health and failed to act.

///

4

**B.     Supervisory Liability**

Plaintiff names Defendants Igbinosa and Yates as liable for implementing an unconstitutional policy that violated Plaintiff's rights.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 1949.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability against prison official defendants, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff alleges that Defendants Igbinosa and Yates implemented an unconstitutional policy that violated Plaintiff's rights.  This is a legal conclusion, and insufficient to state a claim.  *Iqbal*, 129 S. Ct. at 1949.  Additionally, Plaintiff fails to link either supervisory Defendant to personal misconduct.  Plaintiff fails to state a claim against Defendants Igbinosa and Yates.

**IV.    Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant John Chokatos;
2. Defendants Igbinosa, Yates, Deville, and Fortune are dismissed from this action with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;
3. Plaintiff's request for injunctive relief is denied as moot; and
4. Plaintiff's motion for electronic filing of Plaintiff's complaint, filed November 1,

2011, is disregarded.

IT IS SO ORDERED.

**Dated:** **February 28, 2012**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE