# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NEWSOM,<br><br>              Plaintiff,<br><br>    v.<br><br>JOHN CHOKATOS, et al.,<br><br>              Defendants. | Case No. 1:11-cv-00403-LJO-DLB PC<br><br>**ORDER GRANTING DEFENDANT'S MOTION AND STRIKING PLAINTIFF'S SURREPLY** (ECF Nos. 32, 33)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED** (ECF No. 19)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

I.     **Background**

        Plaintiff Raymond Newsom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint against Defendant John Chokatos for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Pending before the Court is Defendant's Motion to Dismiss, filed June 8, 2012, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  Def.'s Mot. Dismiss, ECF No. 19.  Plaintiff filed an opposition on July 23, 2012.[1]  ECF No. 27.  On August 6, 2012, Defendant filed his reply.  ECF No. 28.  The matter is submitted pursuant to

_____

[1] Defendants' motion to dismiss for failure to exhaust administrative remedies was served without a concurrent notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), as required by the recent holding in *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012).  On July 12, 2012, the Court issued the *Wyatt* notice to Plaintiff.  ECF No. 24.

1   Local Rule 230(l).[2]

2   **II.      Summary of First Amended Complaint[3]**

3            Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga,

4   California, where the events giving rise to this action occurred.  Plaintiff alleges the following.  On

5   March 18, 2010, Plaintiff submitted a Health Care Services Request Form (CDC 7362) to the C

6   Facility medical clinic.  Pl.'s First Am. Compl. 7.  Plaintiff had injured the middle finger of his left

7   hand on a cell door.  FAC 7.  On March 26, 2010, an x-ray was performed.  FAC 8.  On March 30,

8   2010, radiologist Carter Thomas reviewed the injury and found an avulsion fracture.  FAC 8.

9            Plaintiff was scheduled to see Defendant doctor John Chokatos on April 14, 2010.  FAC 8.

10  Defendant Chokatos noted the diagnosis by Doctor Thomas.  FAC 8.  Defendant Chokatos provided

11  no treatment.  FAC 9.  Plaintiff uses a walker, and experienced extreme pain and discomfort when

12  using it.  Plaintiff was again seen by Defendant Chokatos on a follow-up visit on April 27, 2011, and

13  again did not provide Plaintiff any treatment.  FAC 9.  Plaintiff's finger healed improperly and there

14  is abnormal swelling and restricted range of motion in his finger today.  FAC 9.

15           Plaintiff requests compensatory and punitive damages.

16  **III.     Exhaustion of Administrative Remedies**

17           **A.      Legal Standard**

18           Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

19  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

20  confined in any jail, prison, or other correctional facility until such administrative remedies as are

21  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

22  administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v.*

23  *Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required regardless of

24  the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*,

25  _____

26  [2] On August 27, 2012, Plaintiff filed a supplemental opposition, opposing Defendant's reply.  ECF No. 32.  On
    August 29, 2012, Defendant filed a motion to strike Plaintiff's filing as a surreply.  ECF No. 33.  On September 10,
    2012, Plaintiff filed an opposition.  ECF No. 34.

27           A response to a reply is a surreply.  Surreplies are not generally accepted by the Court.  L. R. 230(l).
    Accordingly, it is HEREBY ORDERED that Defendant's motion to strike Plaintiff's surreply, filed August 29, 2012, is
    granted.  Out of an abundance of caution, the Court has examined Plaintiff's surreply and finds that it would not change
    the analysis found herein.

28  [3] Plaintiff had named Defendants Deville, Igbinosa, Fortune, and Yates in his amended complaint.  These
    Defendants were dismissed from this action by order on February 28, 2012.  ECF No. 10.

532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.   *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

**B.   Discussion**

The CDCR has an administrative grievance system for prisoner complaints.  Cal. Code Regs. tit. 15, § 3084.1 (2010).  At the time of the events in question, the process was initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not always require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

3

Defendant contends Plaintiff failed to exhaust administrative remedies as to his claim.  Def.'s Mem. P. & A. 5:21-8:5.  Defendant contends that Plaintiff submitted his appeal concerning this action, PVSP-27-10-12058, for first level review, and received a response on July 30, 2010.  *Id.* Plaintiff contends that he did not receive his inmate appeal until August 8, 2010.  *Id.*  Even accepting Plaintiff's contention, Defendant contends that Plaintiff did not submit his appeal for second level review within 15 working days after receiving the first level response.[4]  *Id.*   Plaintiff contended that he did not have a copy of his inmate appeal while in administrative segregation, and attempted to get a new copy of his appeal.  *Id.*  However, based on the submitted inmate appeals and declarations from L. D. Zamora, Chief of the Office of Third Level Appeals for California Correctional Health Care Services, and A. Nesbit, inmate health care appeals coordinator at PVSP, Plaintiff submitted these requests on September 8, September 12, September 26, and October 7 of 2010.  *Id.*  Defendant contends that Plaintiff's argument that his placement in administrative segregation prevented Plaintiff from timely filing his inmate appeal is without merit because inmates in administrative segregation, and Plaintiff, were able to file inmate appeals.  *Id.*  Based on Defendant's arguments, Defendant has sufficiently met his burden of demonstrating that Plaintiff failed to exhaust available administrative remedies.  The burden shifts to Plaintiff to demonstrate otherwise.

Plaintiff contends that administrative remedies were not available to him.  Plaintiff contends that he submitted his appeal on June 15, 2010 for first level review, and received a response on August 8, 2010.  Pl.'s Decl. 5, ECF No. 25.  On August 9, 2010, Plaintiff then gave his inmate appeal and the first level response to inmate Bruce, Plaintiff's jailhouse lawyer at the time.  Pl.'s Decl. 5.  On August 17, 2010, Plaintiff was placed into administrative segregation.  Pl.'s Decl. 6-7. Plaintiff informed the C-facility captain Shannon that he had given inmate Bruce Plaintiff's legal documents, including the relevant inmate appeal.  Pl.'s Decl. 7-8.  On August 24, 2010, sergeant Teater provided Plaintiff with the legal documents obtained from inmate Bruce.  Pl.'s Decl. 9. However, Plaintiff's inmate appeal was missing.  Pl.'s Decl. 9.  The next day, Plaintiff acquired an inmate appeal form and would send a notice to the appeals coordinator regarding his circumstances. Decl. 9.  Plaintiff sent several requests to get a copy of his inmate appeal from his property.  Decl. 9-

---

[4] Fifteen working days from August 8, 2010 is August 27, 2010.

10.  On September 27, 2010, Plaintiff was allowed access to his property, which included his inmate appeal.  Decl. 10.  Plaintiff submitted it along with a declaration on October 7, 2010.  Decl. 10.

Having considered Plaintiff's arguments, the Court finds that Plaintiff has not demonstrated that he exhausted available administrative remedies.  Based on Plaintiff's version of events, he received the first level review on August 8, 2010.  Fifteen working days from August 8, 2010 is August 27, 2010.  On August 24, 2010, Plaintiff discovered that his inmate appeal which he provided to inmate Bruce was not among the legal documents that were returned to him.  Plaintiff contends that he sent several notices to the appeals coordinator regarding the circumstances but did not receive a response.  Based on the submitted documents, the first such notice was submitted on September 8, 2010, well after the fifteen working day deadline.

Plaintiff has not demonstrated that he was obstructed by prison officials with regards to the exhaustion of his administrative remedies.  *See Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) ("If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted administrative remedies.").  Plaintiff, under his version of events, had up to August 27, 2010 to submit his inmate appeal for second level review.  However, on August 9, 2010, Plaintiff gave a copy of the inmate appeal to inmate Bruce, which was not returned to Plaintiff.  Though Plaintiff contends that being in administrative segregation prevented him from timely complying, Plaintiff was able to file other inmate appeals while in administrative segregation.  Plaintiff did not notify the appeals coordinator of his appeals issue until September 8, 2010, after the deadline had passed.  Administrative remedies were available, and Plaintiff did not comply with the filing requirements.

Plaintiff is also not entitled to equitable relief from the exhaustion requirement.  *See Sapp*, 623 F.3d at 827 (suggesting possibility of existence of equitable exception to PLRA exhaustion requirement).  Even accepting Plaintiff's argument that he should not have been placed in administrative segregation, Plaintiff was not inhibited from filing inmate appeals while held there.  Plaintiff's reliance upon inmate Bruce and the subsequent loss of Plaintiff's inmate appeal is the determinative factor as to why Plaintiff missed the deadline.  Additionally, Plaintiff did not notify the appeals coordinator of his difficulties until after the filing deadline had passed.

1    The Court finds that Plaintiff has not exhausted administrative remedies as to his claim

2  against Defendant Chokatos.  Because that is the only claim in this action, the action should be

3  dismissed without prejudice. *Wyatt*, 315 F.3d at 1119-20.[5]

4  **IV.    Conclusion and Recommendation**

5    Based on the foregoing, it is HEREBY RECOMMENDED that:

6    1.  Defendant's Motion to Dismiss, filed June 8, 2012, should be granted as stated herein;

7    2.  Plaintiff's Eighth Amendment claim against Defendant Chokatos should be dismissed

8    without prejudice for failure to exhaust available administrative remedies pursuant to 42

9    U.S.C. § 1997e(a); and

10    3.  The Clerk of the Court should be directed to close this action.

11    These Findings and Recommendations will be submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**

13  after being served with these Findings and Recommendations, the parties may file written objections

14  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

15  Recommendations."  A party may respond to another party's objections by filing a response within

16  **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

19

20  IT IS SO ORDERED.

21    Dated:    **January 10, 2013**                    /s/ *Dennis L. Beck*

22                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28
_____

[5] Because the Court finds that Plaintiff has failed to exhaust administrative remedies, the Court declines to address Defendant's arguments concerning failure to state a claim and qualified immunity.